UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DERRICK PERRY,

                Plaintiff,

         -against-

JUDGE ALBERTO GONZALEZ,

                Defendant.

24-CV-6973 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Plaintiff sues Judge Alberto Gonzalez, who presided over Plaintiff's state-court eviction proceedings. Plaintiff contends that, because he is a "Sovereign Citizen," the judge lacked jurisdiction of the state-court proceedings against him. (ECF 1 at 2.) By order dated September 18, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following allegations are drawn from Plaintiff's complaint. Plaintiff alleges that the apartment that he rented at 24 Mount Morris Park West is infested with mold. (ECF 1 at 2.) An entity known as 22 Park View LLC "brought a frivolous eviction lawsuit" against Plaintiff for nonpayment of rent. (*Id.*) Plaintiff asserts that 22 Park View LLC is "not the true party of interest" and did not have "a contract in place." (*Id.*)

Moreover, Plaintiff states that he "is not a U.S. Citizen or a 14th Amendment Citizen, but rather a state citizen/Sovereign." (*Id.*) He contends that Judge Alberto Gonzalez, who presided over Plaintiff's Housing Court landlord-tenant proceedings, lacked "subject matter and personal jurisdiction to hear a case over a sovereign state citizen." (*Id.*)

Plaintiff asserts the following:

JUDGE ALBERTO GONZALEZ has ignored the rights of plaintiff as a Sovereign Citizen and has made an adverse ruling against the plaintiff in the lower court, which is the reason this suit has been brought into action.

(*Id.* at 3.)

Plaintiff sues Judge Gonzalez, seeking injunctive and declaratory relief only. Plaintiff asks the Court to order that the New York Civil Court dismiss the case for lack of subject matter or personal jurisdiction. He also seeks declaratory relief regarding the alleged defects in the judge's order. (*Id.* at 3.)

**DISCUSSION**

**A.    Improper appeal**

The remedy for an alleged error in a state court's decision generally is an appeal to a higher state court. Lower federal courts, like this Court, cannot hear appeals from state court decisions. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) ("[F]ederal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments."); *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005) ("[F]ederal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments."). The only federal court vested with "appellate jurisdiction to reverse or modify a state-court judgment" is the United States Supreme Court, which has discretion to grant a petition for a writ of *certiorari* to hear an appeal from a decision of the highest state court. *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 283 (2005).

The Supreme Court has emphasized that district courts are stripped of jurisdiction only in a narrow class of cases: "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284 (describing the narrow contours of the so-called *Rooker-Feldman* doctrine). In other words, federal district court lack jurisdiction in cases where the federal-court plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state-court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered.[1] *Vossbrinck*, 773 F.3d at 426 (2d Cir. 2014).

---

[1] By contrast, where a federal complaint presents an "independent claim," even "one that denies a legal conclusion that a state court has reached in a case to which he was a party, then there is jurisdiction and state law determines whether the defendant prevails under principles of

Here, Plaintiff alleges that Judge Gonzalez "made an adverse ruling against the plaintiff," and "ordered [him] to pay past due rent . . . ." (ECF 1 at 3.) He asks this Court to declare the "lack of constitutionality of the judge['s] order" and to require the New York Civil Court to dismiss the eviction case "for lack of subject matter or personal jurisdiction." (*Id.*) Plaintiff thus pleads that the state court ruled against him, in a decision issued before commencing this action, and he asks this Court to review and reject it. It is unclear, however, whether the order of which Plaintiff seeks review was a final judgment, and if so, whether he has a pending state-court appeal. *See Hunter v. McMahon*, 75 F.4th 62, 70-71 (2d Cir. 2023) (holding that state proceedings are insufficiently final to trigger the *Rooker-Feldman* doctrine when a state court appeal remains pending). If a final judgment entered in state court, and no appeal is pending, then the Court lacks subject matter jurisdiction, under the *Rooker-Feldman* doctrine, of Plaintiff's claim seeking review and rejection of the state court order.

Even if the state-court judgment is not final, or Plaintiff has a pending appeal, as explained below, injunctive relief against Judge Gonzalez is unavailable.

**B.      Injunctive relief against judicial officer**

Plaintiff brings this action against Judge Gonzalez under Section 1983, seeking (1) a declaration that his adverse ruling is unconstitutional, and (2) injunctive relief, in the form of order directing Judge Gonzalez to dismiss eviction proceedings against Plaintiff for "lack of subject matter or personal jurisdiction," because Plaintiff is a "Sovereign Citizen." (ECF 1 at 3.)

---

preclusion." *Exxon*, 544 U.S. at 293 (citation omitted). A federal suit presents an independent claim, rather than an attempt to appeal, for example, where the events giving rise to the claim in federal court preceded the state court action, or arose later during enforcement of the state court judgment. See *Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021); *Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013) (holding that plaintiff's challenge to a wrongful levy on his Supplemental Security Income benefits was "wholly separate from the validity of the underlying [child support] order").

A plaintiff seeking injunctive relief can sue a state official in his official capacity in federal court where the plaintiff "(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." *In re Deposit Ins. Agency*, 482 F.3d at 618) (citing *Ex parte Young*, 209 U.S. 123 (1908)); *see also Berman Enterprises, Inc. v. Jorling*, 3 F.3d 602, 606 (2d Cir. 1993) ("Under *Ex parte Young*, acts of state officials that violate federal constitutional rights are deemed not to be acts of the state and may be the subject of injunctive or declaratory relief in federal court.").

Although "judicial immunity does not bar a claim for prospective injunctive and declaratory relief," *Shtrauch v. Dowd*, 651 F. App'x 72, 73 (2d Cir. 2016), a court's ability to award injunctive relief against a judicial officer under Section 1983 is strictly limited. As amended in 1996, Section 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Plaintiff is not entitled to injunctive relief against Judge Gonzalez because neither of the exceptions set forth in Section 1983 apply. First, no declaratory decree is at issue. Second, this is not a situation where "declaratory relief was unavailable" because appeals are available within the state court system. *See*, *e.g.*, *Davis v. Campbell*, No. 3:13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order."); *Elrington v. Sheares*, No. 24-CV-04196 (NCM) (TAM), 2024 WL 3045209, at *3 (E.D.N.Y. June 18, 2024) (holding, in suit seeking injunctive relief against judge who presided over eviction proceedings, that the

"[p]laintiff has not alleged that a declaratory decree was violated or that declaratory relief was unavailable in state court.").

Moreover, Plaintiff complains only of past conduct on the part of Judge Gonzalez; he does not seek to prevent an ongoing or future violation of federal law. *See*, *e.g.*, *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998) ("A plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future."); *Brik v. Brodie*, No. 23-CV-4330, 2023 WL 4373557, at *1 (E.D.N.Y. July 6, 2023) (dismissing plaintiff's claims for injunctive relief against judge, *inter alia*, because plaintiff "does not seek to remedy a harm that is truly prospective, [and plaintiff] does show any entitlement to declaratory relief" based on the judge's past conduct). Plaintiff's claim for injunctive relief based on Judge Gonzalez's decision in his state-court eviction proceedings must therefore be dismissed because such relief is unavailable.[2]

## C.    Leave to Amend

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Plaintiff's argument that the state court lacked jurisdiction of the landlord-tenant proceedings against him because he deems himself a "Sovereign Citizen" lacks any legal validity. *See*, *e.g.*,

---

[2] Insofar as Plaintiff could be understood as seeking an order staying the eviction proceedings, "[c]ourts in this Circuit have repeatedly held that the Anti–Injunction Act bars a federal court from enjoining state-court eviction proceedings." *Allen v. N.Y. City Hous. Auth.*, No. 10-CV-00168, 2010 WL 1644956, at *3 (S.D.N.Y. Apr. 20, 2010) (collecting cases); *Watkins v. Ceasar*, 88 F. App'x 458, 459 (2d Cir. 2004) (summary order) (upholding denial of motion for preliminary "injunction, in which plaintiff sought to enjoin summary eviction proceedings brought by his landlords in the Civil Court of the City of New York" under the Anti-Injunction Act).

*Paul v. New York*, No. 13-CV-5047 (SJF) (AKT), 2013 WL 5973138, at *3 (E.D.N.Y. Nov. 5, 2013) (holding that "sovereign citizens" are "subject to the laws of the jurisdiction in which they reside"). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

### CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:    May 19, 2025
          New York, New York

_____
Louis L. Stanton
U.S.D.J.